UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7: 15-011-DCR-2 |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 7: 18-087-DCR |
| V. ) | |
| ) | |
| RUSSELL T. MAY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant/Movant Russell May knowingly and voluntarily pleaded guilty to conspiring to distribute 500 grams or more of cocaine (count 1) and possessing a firearm in furtherance of a drug trafficking crime (count 9). [Record No. 169] He was sentenced in June 2016 to 97 months' imprisonment for the conspiracy conviction and 60 months for the firearm conviction, to be served consecutively. [Record No. 239] The United States Court of Appeals for the Sixth Circuit affirmed May's sentence on appeal. [Record No. 324] May then filed a timely *pro se* motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 in August 2018. [Record No. 354]

May's § 2255 motion was referred to a United State Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Matthew A. Stinnett recommended that May's motion for habeas relief be denied and that no Certificate of Appealability be issued. [Record No. 400] Neither May nor the United States filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's recommended disposition.

## I.

May retained attorney Robert Wright, who represented him during his initial appearance and arraignment on December 1, 2015. However, Wright was permitted to withdraw from the case on December 23, 2015, because May did not have sufficient funds to pay him. Attorney Pamela Perlman was then appointed under the Criminal Justice Act. Perlman represented May during his guilty plea, sentencing, and through the filing of his appeal. The Sixth Circuit appointed attorney Kevin Schad to represent May during his appeal.

Pursuant to his plea agreement, May waived the right to collaterally attack his guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. [Record No. 237] He has raised a host of ineffective-assistance claims against Wright and Perlman in his § 2255 motion. To allege a valid claim of ineffective assistance of counsel, the defendant must demonstrate that counsel's assistance fell below an objective standard of reasonableness and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court has reviewed each of May's claims and, applying this standard, finds that he is not entitled to relief under § 2255.

**II.**

As the Magistrate Judge noted, many of May's forty-one claims are refuted by the record. These include May's claims that he received ineffective assistance with respect to pretrial detention. Magistrate Judge Edward B. Atkins held a detention hearing in December 2015 and concluded that May should be detained pending trial. The Magistrate Judge noted that, although the defendant (with Attorney Wright's assistance) had offered evidence to suggest he would not pose a risk of flight or danger to others, there were no conditions of release that would ensure the safety of the community. Following Attorney Perlman's appointment, May filed objections to the Magistrate Judge's order of detention. This Court overruled the objections after a hearing on January 14, 2016. [Record No. 117]

May's arguments regarding pretrial detention boil down to this: his trial attorneys were ineffective for failing to "make bond happen." [Record No. 354-1, p. 17] However, counsel is not ineffective for simply failing to obtain a particular result. May contends that Wright performed ineffectively by failing to appeal the detention order, but Wright was permitted to withdraw shortly after the Magistrate Judge's decision regarding detention. Attorney Perlman promptly was appointed to represent May, and she filed objections to the detention order on his behalf. The objections were overruled based on May's "obvious reputation for drug activities," a recent incident in which individuals, including May, were shot, and the risk that May would continue to possess weapons. [Record No. 120, pp. 5-6] May has not identified any particular arguments that counsel should have made, but did not, in support of pretrial release. Regardless, these determinations do not affect the ultimate disposition of charges or sentence in the case.

May also contends that Wright performed ineffectively by failing to memorialize an oral agreement with the government to release May on bond prior to trial. First, there is no evidence to suggest that the parties ever reached such an agreement, since the United States moved for detention during May's initial appearance. Additionally, the Court reviewed the Magistrate Judge's decision *de novo* and determined that there were no conditions of release that would ensure the community's safety. Accordingly, May has failed to raise any colorable issue with respect to pretrial detention.

May also complains that Perlman provided ineffective assistance by discussing statistical information with him and telling him to "take whatever deal they offer." However, counsel does not provide ineffective assistance by offering candid advice regarding the likelihood of conviction at trial and the possible benefits of pleading guilty. *See Roccisano v. Menifee*, 293 F.3d 51, 60 (2d Cir. 2002) (internal citations omitted).

The Magistrate Judge discussed in detail May's sworn statements during his re-arraignment hearing, which belie his assertion that Perlman coerced him to plead guilty. May swore to provide truthful answers, subject to the penalty of perjury. He advised the Court that he was satisfied with Perlman's representation and that no one had in any way forced him to enter a guilty plea. [Record No. 276, p. 8] He indicated that he was pleading guilty because he was, in fact, guilty of counts 1 and 9. May conceded that he agreed to sell cocaine because he was out of work and that he possessed a handgun for protection. [Record No. 276, pp. 24, 27]

Solemn declarations made in open court carry a strong presumption of truthfulness. *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). May has not identified any information suggesting that his guilty plea was

anything other than knowing and voluntary. Accordingly, he is bound by his plea agreement and the statements he made under oath during his plea colloquy. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.").

May criticizes additional aspects of Attorney Perlman's performance, but has failed to identify any actions that arguably fall below an objective standard of reasonableness. In determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). May contends that Perlman acted unreasonably by failing to object to Detective Amos Adkins' testimony during sentencing, refusing to request a chemical analysis of the controlled substances, and failing to submit evidence showing that May "controlled only the drugs[,] not the people." [Record No. 354-1, p. 22]

Detective Adkins of the Kentucky State Police provided detailed testimony regarding controlled purchases of drugs from May, and that May had other individuals working at his direction. [Record No. 277, pp. 5-10] Although May contends that Perlman should have objected to portions of Adkins' testimony, the basis for the requested objections is frivolous. [Record No. 354-1, p. 21 ("I did not direct Nathan Duty to sell cocaine, only which bag to sell, further proving I controlled the assets but not the participants.")] Attorney Perlman cross-examined Adkins thoroughly, focusing on evidence that might minimize May's leadership role in the conspiracy. *Id.* at pp. 11-13. The Court ultimately determined, however, that the evidence supported a four-point leadership enhancement.

Contrary to May's suggestion, Perlman was not ineffective for failing to request chemical analyses of the controlled substances. May asserts that "the alleged drugs purchased on the November 2013 transaction [were] mostly, if not all baking soda." [Record No. 354, p. 9] However, May pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing a *detectable amount* of cocaine. Perlman was not required to have the substances tested based on May's belief that the substances from one controlled transaction contained baking soda. Put simply, counsel is not ineffective for failing to make frivolous arguments.

Claims that Wright and Perlman should have filed motions to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161, and based on double jeopardy are also without merit. May was arrested and made his initial appearance on December 1, 2015. [Record Nos. 21, 37] A jury trial was scheduled for February 9, 2016 (70 days after May's initial appearance), but May entered a guilty plea on February 4, 2016. Accordingly, there was no violation of the Speedy Trial Act.

May argues that his attorneys should have moved to dismiss his charges because he "had already been adjudicated for the charges by the state of Kentucky on or about August 1, 2015." [Record No. 354, p. 22] However, as the Magistrate Judge explained, the prohibition against double jeopardy does not prevent federal prosecution for the same conduct which generates state charges. *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Jacobs*, 244 F.3d 503, 508 (6th Cir. 2001).

### III.

May makes a number of additional claims which are unaccompanied by any specific factual allegations that would support a claim of ineffective assistance of counsel. For

example, he contends that Wright and Perlman failed to provide him with discovery materials and transcripts, but he does not say what the materials are, why he needed transcripts, or how he was prejudiced by the alleged deprivation of these documents. Further, these attorneys had no obligation to provide May with records after they had withdrawn, and May was represented by Attorney Schad on appeal.

May also contends that Wright and Perlman performed ineffectively by failing to submit motions to inspect the grand jury minutes, grand jury witness lists, and the names of grand jurors. [Record No. 354, p. 24] But defendants are not entitled to disclosures of grand jury proceedings unless a showing of "particularized need" is made. *See* Fed. R. Crim. P. 6(e)(3)(E); *Dennis v. United States*, 384 U.S. 855, 870 (1966); *In re Unseal Dockets*, 308 F. Supp. 3d 314, 322-26 (D.D.C. 2018). May has not stated why his attorneys should have sought the grand jury materials, or what circumstances would have entitled him to receive them. Accordingly, these claims are meritless.

To the extent May argues that Attorney Perlman should have asked for less restrictive terms of supervised release, he cannot show prejudice. The terms of May's supervised release conform to the requirements of 18 U.S.C. § 3583(d) and the factors enumerated under § 3553(a). May's request for terms that would allow him to travel freely for future medical treatment is too speculative, and this argument would have failed had it been presented at sentencing.

Finally, May makes a vague claim that Wright, Perlman, and Schad failed to investigate the charges properly and did not "develop a working relationship" with him. May fails to describe counsels' alleged omissions or indicate how they harmed him. General complaints regarding counsels' performance do not constitute ineffective assistance under *Strickland*.

## IV.

A Certificate of Appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when a movant demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated herein and in the Magistrate Judge's Report and Recommendation, May's claims are frivolous and refuted by the record. Accordingly, reasonable jurists would not disagree with this Court's decision, and a COA will not issue.

## V.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 400] is **ADOPTED** in full and **INCORPORATED** here by reference.

2. Defendant/Movant Russell T. May's motion under 28 U.S.C. § 2255 [Record No. 354] is **DENIED**.

3. A Certificate of Appealability will not issue.

4. A corresponding Judgement will be entered on this date.

Dated: February 20, 2019.


Signed By:
*Danny C. Reeves*
United States District Judge