UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL T. MAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** **** ****

Defendant Russell May pleaded guilty on February 4, 2016, to one count of conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [Record No. 169] He was sentenced on May 31, 2016, to a total term of 157 months' imprisonment, to be followed by 5 years of supervised release. [Record No. 239]

May has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 440] He asserts that HIV, other health conditions related to HIV and medications, and COVID-19 concerns constitute "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 n. 1. [Record No. 440-1, pp. 1-7] The United States has responded, arguing that May has failed to exhaust administrative remedies as required by § 3582(c)(1)(A). [Record No. 444] The Court agrees that compassionate release is not appropriate. As a result, May's motion will be denied.

**I.**

- 1 -

May initially submitted a request for home confinement to Bureau of Prisons ("B.O.P.") officials on November 1, 2019. [Record No. 440-5, p. 1] The request also mentions, in passing, that the defendant seeks compassionate release in the alternative. [*Id.*] On December 18, 2019, the B.O.P. denied the home confinement request without addressing the issue of compassionate release. [*Id.* at p. 2] May then resubmitted this request to B.O.P. officials on March 5, 2020. [*Id.* at p. 159] The warden's response to this administrative filing, dated May 20, 2020, declined to recommend either home confinement or compassionate release. [*Id.* at p. 160] Notably, this response addressed the compassionate release argument by finding that May's medical record did not indicate that he has a condition with an end-of-life trajectory or a life expectancy of 18 months or less as required under B.O.P. Program Statement 5050.50. [*Id.*]

Section 3582(c)(1)(A) provides that a court may only grant a defendant's motion for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The United States Court of Appeals for the Sixth Circuit has clarified that, while this requirement is not jurisdictional, it is a mandatory claim-processing rule that must be enforced. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The United States argues that May's requests do not satisfy the requirements of § 3582(c)(1)(A) because they were not, in effect, proper requests for compassionate release. It points to 28 C.F.R. § 571.61 for the proposition that proper B.O.P. requests for compassionate release must contain: (1) information regarding the extraordinary and compelling reasons that justify relief; and (2) "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's

health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." [Record No. 444, pp. 9-11]  Because May did not outline the extraordinary and compelling reasons to justify relief or provide post-release plans in any of his requests to the B.O.P., the United States believes that he has not properly submitted a compassionate release request to the B.O.P. and has failed to exhaust administrative remedies under § 3582(c)(1)(A).

The United States offers a cogent argument.  May's November 2019 and March 2020 compassionate release requests ostensibly fail to meet the requirements of 28 C.F.R. § 571.61. And courts, including the Sixth Circuit, have stressed the importance of strict compliance with administrative compassionate release-related procedures during the COVID-19 outbreak.  *See*, *e.g.*, *Alam*, 960 F.3d at 835-36; *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

However, the circumstances surrounding May's administrative proceedings counsel caution.  The B.O.P. responded to the resubmission of the compassionate release/home confinement request more than 30 days after May submitted it, and the response bypasses the document's procedural defects to deny the request on the grounds that May's medical condition does not comport with Program Statement 5050.50.  The United States does not address the failure of the B.O.P. to note the procedural defects.  Thus, the Court will address the merits of the motion without deciding whether a failure to comply with 28 C.F.R. § 571.61's requirements procedurally bars May's motion in this case.

## II.

May argues that his medical conditions satisfy the statutory and United States Sentencing Guidelines Manual ("U.S.S.G.") criteria for compassionate release due to "extraordinary and compelling reasons."  Title 28 of the United States Code, section 994(t),

states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."

The Sentencing Commission has issued a relevant policy statement in U.S.S.G. § 1B1.13. The application notes to that policy statement prescribe four narrow categories of "extraordinary and compelling reasons" for § 3582(c)(1)(A) relief: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1. May contends that his circumstances fit the criteria of "medical condition of the defendant."

A defendant may be able to obtain compassionate release under the "medical condition of the defendant" category in circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

May argues that his health conditions, in the aggregate, warrant compassionate release, particularly in light of the COVID-19 outbreak. He reports "night sweats, fevers, chills, fatigue to the point of exhaustion, chronic diarrhea and incontinence, neuropathy" and two falls over

the past 18 months. [Record No. 440, p. 11] He also states that blood tests show increasing seriousness of his HIV. [*Id.*] May alleges that the B.O.P.'s decision to prescribe Biktarvy (an HIV medication) caused certain side effects and forced him to "go off of treatment altogether." [*Id.* at p. 12] He argues that the progression of his disease and the B.O.P.'s mistreatment of him have "left the petitioner an incapacitated person – any person who is impaired by reason of physical illness to the extent of lacking [capacity] sufficient to make or communicate responsible decisions." [*Id.*] He also alleges that he lives in close-quarters with other inmates at his place of incarceration, FCI Lompoc, which puts him at high risk of contracting COVID-19, given the prison's high rate of infections. [*Id.* at pp. 5, 11]

May concedes that he does not have a terminal illness as required by § 1B1.13 n. 1(a)(i), but he believes that his conditions have substantially diminished his ability to provide self-care as outlined in § 1B1.13 n. 1(a)(ii). [*Id.* at p. 6] In the event the Court does not agree on this point, he requests that the Court revisit its prior decisions to cabin compassionate release considerations to those circumstances described in the application notes to the Sentencing Commission's policy statement in light of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). [*Id.* at p. 13]

Regarding this last argument, the Court has continually endorsed the authority of § 1B1.13 n. 1's categories prescribing compassionate release criteria after the enactment of the First Step Act. *E.g.*, *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *3 (E.D. Ky. March 27, 2020); *United States v. Washington*, No. 5: 13-020-DCR, 2019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019); *United States v. Lake*, 5: 16-076-DCR, 2019 WL 4143293, at *2-3 (E.D. Ky. Aug. 30, 2019). The Court again finds that § 1B1.13 n.1 continues to govern compassionate release analyses. Further, the Court finds that May's conditions and

- 5 -

circumstances, although serious, do not fit the criteria of § 1B1.13 n. 1(a)(ii).  On this point, the Court makes several observations.

First, May's HIV condition is well-documented, as he contracted the virus in 2006 – or approximately ten years prior to the date he was sentenced.  [*See* Presentence Investigation Report ("PSR") ¶ 94; Record No. 239.]  He has submitted an ample record of his medical history during incarceration, and there is no indication from any doctor that his condition has worsened to the point that he cannot care for himself.  In fact, the most recent medical record from Dr. Allred states that "inmate['s] labs are good" and indicates that there is "no need to change regimens again."  [Record No. 440-5, p. 17]  Dr. Dhaliwal's March 2020 medical assessment states that May's HIV is asymptomatic and that he has "never had an HIV-related illness."  [*Id.* at p. 19]  In short, the record provides no evidence that his HIV has caused a deterioration in condition to the extent that he cannot provide self-care in prison.

Second, while May is clearly dissatisfied with B.O.P. care and medications prescribed to treat his HIV, his opinions on these issues are not sufficient grounds for compassionate release.  The record ostensibly demonstrates that B.O.P. physicians have continuously treated him and have prescribed various medications upon complaints about side effects stemming from those prescribed before.  [Record No. 440-5]  For example, Dr. Dhaliwal acknowledged the side effects of Biktarvy in March 2020, and changed the prescription.  [*Id.* at p. 19]  And Dr. Allred outlined the reasoning for prescribing certain medicines rather than others during his May 2020 clinical encounter with the defendant.  [*Id.* at p. 17]  Dr. Allred's report documents that May is "persistent/stubborn" and "not listening/acknowledging" information that medical professionals have conveyed about the appropriate medications to treat his case of HIV.  [*Id.*]  There is no indication that doctors' errors forced him to forgo HIV treatment.

- 6 -

Instead, the record suggests that May has refused to listen to doctors even though they have been receptive to complaints about side effects.

Third, although it is unclear whether the purported complications of his condition (fever, fatigue, diarrhea, etc.) derive from HIV itself or HIV medications, these conditions are insufficient to support compassionate release under § 3582(c)(1)(A) and § 1B1.13 n. 1(A)(ii). They do not indicate that May is unable to care for himself while incarcerated.  And even if they did, Dr. Dhaliwal's recent March 2020 comprehensive examination of the defendant shows no evidence of most of these purported conditions.  The doctor's report explicitly documents that May had experienced no fatigue or chills, and the assessment only notes anxiety and HIV as medical conditions.  [*Id.* at pp. 18-19]

Fourth, the B.O.P.'s statistics on active confirmed cases (updated daily) show 0 current cases among inmates at FCI Lompoc.  *See* COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited July 2, 2020).  Clearly, as the United States argues [Record No. 444], the B.O.P. has taken coronavirus very seriously and has acted to remedy the prior outbreak at May's place of incarceration.  Considering this effort as well as the persistent attention B.O.P. doctors have given May's medical conditions, he does not make a persuasive argument that the COVID-19 outbreak meets the criteria of § 1B1.13 n. 1(A)(ii) even when it is considered along with his preexisting conditions.

In summary, May's motion will be denied because he has failed to meet the criteria prescribed by § 1B1.13 n. 1.  The Court declines to find that the policy statement no longer controls a compassionate release analysis, and May's arguments, individually and in the aggregate, fail to meet the criteria of § 1B1.13 n. 1(A)(ii).

### III.

Finally, the Court notes that compassionate release would not comport with the sentencing objectives listed in 18 U.S.C. § 3553(a). Courts should not grant a § 3582(c)(1)(A) motion unless compassionate release complies with the § 3553(a) factors. *E.g.*, *Lake*, 2019 WL 4143293, at *2 (citing U.S.S.G. § 1B1.13); *see also* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors counsel against compassionate release.

May's crimes were serious. He conspired to distribute 3.5 to 5 kilograms of cocaine and received a sentencing enhancement for being a leader or organizer of the conspiracy. [PSR ¶¶ 52, 60] He also possessed a firearm in connection with the drug felony offense. The Court fashioned a sentence that adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court's analysis on these factors remains unchanged. Further, it is apparent from May's medical records that he has received continual medical attention regarding HIV and other issues. *See* 18 U.S.C. § 3553(a)(2)(D).

May has demonstrated both religious and educational growth. He has earned high grades in a legal assistant and paralegal certificate program. His present motion demonstrates a very good understanding of the law as it pertains to compassionate release. [Record No. 440-5, p. 98] But these reforms do not outweigh the Court's determination on the other § 3553(a) factors, and the Court concludes that compassionate release would not comport with these factors. Accordingly, it is hereby

**ORDERED** that Defendant Russell May's motion for compassionate release [Record No. 440] is **DENIED**.

Dated:  July 6, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky