UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL T. MAY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On November 12, 2020, the Sixth Circuit remanded this matter to allow this Court to determine whether Defendant Russell May can show excusable neglect or good cause warranting an extension of the time to file a notice of appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure. *United States v. May*, No. 20-5940 [Record No. 14 therein; Record No. 456 on this Court's docket]  Under recent precedent, "if a criminal defendant files a notice of appeal after the expiration of the appeal period provide for in Rule 4(b)(1)(A), but before the end of the additional thirty-day period, 'the district court should treat the notice as a request for an extension' of time to file." *United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020) (per curiam) (quoting *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam)).  Accordingly, the Court has treated May's late notice of appeal as a request for an extension, and both May and the United States have addressed the issue in writing.

May is currently appealing two orders of this Court: (1) the July 6, 2020, denial of his motion for compassionate release [Record No. 445]; and (2) the July 14, 2020, denial as moot of his motion for leave to reply.  [Record No. 447]  Rule 4(b)(1)(A)'s fourteen-day time limit

expired on July 20, 2020, for the first order, and on July 28, 2020 for the second. However, May's notice of appeal was dated August 4, 2020, and postmarked August 12, 2020. [Record No. 450] In both his notice of appeal and his recent briefing, May claims that he received the orders through standard institutional mail on July 21, 2020, and July 22, 2020, respectively. [Record Nos. 450, at p. 1; 459, at p. 3]

The Federal Rules of Appellate Procedure allow district courts to grant a thirty-day extension of the time to file a notice of appeal "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Excusable neglect may be found after balancing five factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). And "[g]ood cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). May bears the burden of demonstrating good cause or excusable neglect. *See United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996); *United States v. Douglas*, 746 F. App'x 465, 468 (6th Cir. 2018).

May argues that he can meet both standards for one reason: "[he allegedly] received the decisions on July 21, and 22, and filed his notice of appeal 13 days later. As a lay person, the petitioner understood [Rule 4(b)(4)] to allow him 14 days to file notice of appeal from the date he received the decision." [Record No. 459, p. 3] In response, the government argues that, while it "has no basis to refute these assertions, May also fails to provide any evidence in

support." [Record No. 462, p. 4]  Additionally, it states that even if May received the orders on July 21 and 22, he did not exercise due diligence because he waited thirteen days to file a notice of appeal.  [*Id.*]

In his appeal of both orders, May has not demonstrated good cause or excusable neglect.  He alleges that he received the Court's July 14, 2020, Order on July 22, 2020, within his deadline to file a notice of appeal.  The only stated reason for his delay in filing a notice of appeal is his misunderstanding of Rule 4(b)'s appeal deadlines.  However, "misreading a rule or statute does not constitute excusable neglect." *Deym v. Von Fragstein*, 127 F.3d 1102, 1997 WL 650933, at *3 (6th Cir. 1997); *see also Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable neglect[.]'").  And while *pro se* litigants are generally held to more lenient standards, when "a pro se litigant fails to comply with an easily understood court-imposed deadlines, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

May's argument regarding the Court's July 6, 2020 Order (i.e., that he received it through institutional mail one day after Rules 4(b)'s deadline expired) could justify an extension, if true.  However, May bears the burden of supporting his factual assertions with evidence. *Thompson*, 82 F.3d at 702.  Here, he has not attempted to prove his assertion through evidence of an institutional mail log or offered any explanation for why such evidence would be unavailable.  And absent his argument that he received the Court's Order after the deadline, the argument that he misunderstood Rule 4(b) falls short for the reasons outlined above.

Accordingly, it is hereby

**ORDERED** as follows:

1. The record reflects that Defendant May has not demonstrated good cause or excusable neglect warranting an extension of the time to file a notice of appeal and that a request for an extension regarding that appeal would be **DENIED**.

2. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

Dated: January 19, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky