UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL T. MAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Russell May was a leader of a conspiracy that distributed cocaine in Eastern Kentucky. His relevant conduct included at least 3.5 kilograms of cocaine.  May pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  [Record No. 237] May was sentenced on June 1, 2016, to 157 months' imprisonment, to be followed by a five-year term of supervised release.  [Record No. 239]  He is currently housed at FCI Oakdale, and is scheduled to be released from the Bureau of Prisons' ("BOP") custody in April 2027.[1]

May recently filed an "emergency" motion for compassionate release "in light of the COVID-19 pandemic."  [Record No. 465-1][2]  He seeks release from custody and, because his

---

[1]     *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 25, 2020).

[2]     Because of the length of the motion, May also seeks leave to file excess pages.  [Record No. 465]  That request will be granted and the Court will consider May's motion in its entirety.

pending appeal divests this Court of jurisdiction to grant that relief, an indicative ruling. He argues that his obesity and HIV, among other medical conditions, are "extraordinary and compelling reasons" justifying a sentence reduction because they place him at risk of serious illness if he contracts COVID-19. [*Id.* at 3–10]

Because May cannot demonstrate "extraordinary and compelling reasons" or show that the relevant sentencing factors support a sentence reduction, his motion will be denied.

## I.

The Court previously denied May's motion for compassionate release on July 6, 2020, and a motion for leave to file a reply on July 14, 2020. [Record Nos. 445, 447] May is currently appealing both rulings. [Record No. 450] His filing of a Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). With an appeal pending, a district court may act to "aid the appellate process," but it may not take any action that would "alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). As May acknowledges, granting a compassionate-release motion at this stage would alter the case on appeal. [Record No. 465-1, p. 2]As a result, he asks the Court to enter an indicative ruling under Rule 37 of the Federal Rules of Criminal Procedure. [*Id.* at pp. 2–3]

When "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Rule 37 allows a court to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion

if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).  Accordingly, the Court must determine whether "[t]he third option, a so-called 'indicative ruling,'" is appropriate in May's case.  *United States v. Gowder*, 6: 17-cr-025-REW, 2020 U.S. Dist. LEXIS 169542, at *7 (E.D. Ky. Sept. 16, 2020) (citation omitted).

## II.

The Court declines to issue an indicative ruling because May has not satisfied Section 3582(c)(1)(A)'s requirements.  Under this statutory section, a court may reduce a sentence previously imposed if "three substantive requirements" are satisfied.  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).[3]  One of those requirements—consistency with applicable policy statements issued by the Sentencing Commission—is not applicable to motions filed directly by prisoners.  *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Accordingly, "district courts now address two issues when resolving motions such as that filed by May: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction."  *United States v. Hampton*, --- F.3d ----, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021) (citing *Jones*, 980 F.3d at 1106; *Ruffin*, 978 F.3d 1006–07).  A Court may deny the motion if either

---

[3]     A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier."  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).  May has satisfied this burden.  [Record No. 465-2, pp. 6–7]

requirement is not met. *United States v. Elias*, No. 20-3654, --- F.3d ---, 2021 WL 50169, at
*2 (6th Cir. Jan. 6, 2021).

### A. Extraordinary and Compelling Reasons

Under the First Step Act of 2018, the policy statement definitions of "extraordinary and
compelling reasons" are no longer binding. *Jones*, 980 F.3d at 1109. Therefore, "district
courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*,
2021 WL 50169, at *2. Finding the policy statement and relevant definitions useful in
resolving this motion, the Court will review May's stated reasons justifying release "within
the framework provided by the application notes to Section 1B1.13 of the United States
Sentencing Guidelines." *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21,
2020). As relevant here, they state:

> (A) **Medical Condition of the Defendant.**—
> > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and
> > advanced illness with an end of life trajectory). A specific prognosis of
> > life expectancy (*i.e.*, a probability of death within a specific time period)
> > is not required. Examples include metastatic solid-tumor cancer,
> > amyotrophic lateral sclerosis (ALS), end-stage organ disease, and
> > advanced dementia.
> > (ii) The defendant is—
> > > (I) suffering from a serious physical or medical condition,
> > > (II) suffering from a serious functional or cognitive impairment,
> > > or
> > > (III) experiencing deteriorating physical or mental health because
> > > of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-
> > care within the environment of a correctional facility and from which he
> > or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). To meet this definition, May must provide evidence of a medical
condition "so serious that it cannot be adequately addressed in BOP custody." *Abney*, 2020
WL 7497380, at *2.

May contends that he suffers from obesity, HIV and gastrointestinal issues.  And he has included BOP medical records verifying those conditions.  [Record No. 465-2, pp. 53–54]  Given these conditions, May's concerns about COVID-19 are legitimate.  According to the Centers for Disease Control and Prevention ("CDC"), they may place him at higher risk for severe illness from COVID-19.[4]   However, general risk alone does not satisfy Section 3582(c)(1)(A)'s first requirement.

In denying May's previous compassionate-release motion, the Court considered these same medical conditions and discussed them at length.  [Record No. 445, pp. 3–7]  The undersigned found no evidence to conclude that his conditions were not being adequately managed by the BOP.  [*Id.* at pp. 6–7]  May has again failed to satisfy this requirement.[5]  He has also shown no evidence of "likely fatal complications that will come from infection." [Record No. 465-1, p. 36]   Accordingly, he asks the Court to conclude that risk of a *potential*,

---

[4]    *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 29, 2020).

[5]    The BOP is presently working with the CDC and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available.  The Court has been advised that, as of January 8, 2021, doses of vaccine have been administered to over 6,000 staff and 4,500 inmates and that, as of January 4, 2021, doses of vaccine have been delivered to 48 facilities, including FCC Oakdale, where May is held.  May argues that "the CDC has strongly recommended that certain individuals should not take the vaccine," and says that he will not receive it.  [Record No. 465-1, p. 30]  But May has not supported his argument with evidence, and the CDC has stated that individuals with HIV may receive a COVID-19 vaccine.  *Vaccine Considerations for Persons with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/underlying-conditions.html (updated December 29, 2020).

future illness is extraordinary and compelling.  But because release is not justified on this basis alone, the Court concludes that May has not demonstrated "extraordinary and compelling reasons" for the relief sought.

### B.  Section 3553(a) Factors

Even if May could demonstrate "extraordinary and compelling reasons," he would be unable to show that the sentencing factors in 18 U.S.C. § 3553(a) support his early release. These factors include "the nature of the offense, the characteristics of the defendant, and numerous penological objectives."  *Jones*, 980 F.3d at 1114.  The Court previously held that these factors "counsel against compassionate release" when ruling on May's first motion. [Record No. 445, p. 8] A review of the record confirms this determination.

During the sentencing hearing, and after weighing mitigating and aggravating factors in his case, the Court determined that a sentence in the middle of the Guidelines range was appropriate.  [Record No. 277, p. 40] The seriousness of the offense carried appropriate weight in the Court's analysis:

> [I]t's a very serious offense.  It is an aggravating factor. . . .  [W]hen we combine drug dealing, selling drugs, with firearms, then individuals sometimes do really stupid things.  They shoot the firearms, they shoot people, and that happened in this particular case.  The defendant is, quite frankly, lucky that he was not killed or someone else was not killed in the home invasion as reflected in the presentence report.

[*Id.* at p. 37]   In addition, the Court also found that May's leadership role in the conspiracy was an aggravating factor.  [*Id.* at p. 39] Further, the public will be protected by the sentence imposed and that no unwarranted sentencing disparities were created by the Court's earlier determination.  [*Id.* at p. 38]

May makes much of the Court's identification of a mitigation factor at sentencing: "He does have a good work ethic. It appears that he does attempt to work when he has the opportunity to do so." [*Id.* at p. 39] And he places heavy weight on statements of his own attorney and his own father in his support at sentencing. [Record No. 465-1, p. 34] However, the Court notes that his father's statement that May had "completely changed his life" prior to his arrest was contradicted at sentencing by evidence of "ongoing drug activity" at the time of arrest. [Record No. 277, pp. 27, 40] Additionally, May's relatively low criminal history and apparent work ethic were specifically considered by the Court in determining an appropriate sentence that was sufficient, but not greater than necessary, to meet all statutory goals outlined in 18 U.S.C. § 3553(a). Taken with the serious aggravating factors, a sentence in the middle of the guidelines range was (and is) entirely appropriate. However, a lesser term of incarceration would diminish the seriousness of the offense and undermine the statutory goals and objectives of sentencing.

Outside of factors previously considered at sentencing, May offers few reasons to grant a sentence reduction. His contention that he his lack of a violent history is refuted by the record, which indicates that his conduct caused violence. [Record No. 465-1, p. 32] Additionally, his argument that he has not "received any serious infractions" is weaked by his admission that he has "not been the ideal prisoner." [*Id.* at p. 33] And while May's efforts to receive an education and practice a religious faith are admirable [*Id.* at pp. 33–34], they do not outweigh the reasons provided by the Court which justified his original sentence. Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant May's motion for leave to file excessive pages [Record No. 465] is **GRANTED**.

2.    Defendant May's motion for a sentence reduction [Record No. 465-1] is **DENIED**.

3.    Seeing neither a basis for granting the motion if the matter were remanded nor a substantial issue, the Court **DECLINES** to issue an indicative ruling.

Dated:  January 26, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky